CP:SLT
F.# 2007R00229/OCDETF # NY-NYE-0534

```
                                    FILED
                            IN CLERK'S OFFICE
                          U.S. DISTRICT COURT E.D.N.Y
                         ★   JAN 1 1 2008   ★
                          BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

RICARDO MARIAN FANCHINI,
   also known as "Richard
   Rotmann," "Richard Fanchini,"
   "Riccardo Rotmann," "Riccardo
   Fanchini," "Riccardo Kozina,"
   "Richard Kozina," "Riccardo
   Wojoiechowska," "Jerzy Bank,"
   "Jeazy Bank," "Ioannis
   Skandalis-Themistoklis,"
   "Kozina Ryszaro," "Michael
   Prokupecz," "Aksamity,"
   "Yura," "Warhol," "Rysiek,"
   "Richard Ryjwirski," "Bank,"
   "the Polack," "the Gypsy"
   and "Vasja,"

              Defendant.

- - - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>07-736 (S-1)(CPS)</u>
(T. 21, U.S.C., §§
841(a)(1), 841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II),
841(b)(1)(C), 846, 848(a),
848(c), 853, 952(a),
959(a), 959(c), 960(a)(1),
960(a)(3), 960(b)(1)(A),
960(b)(1)(B)(ii),
960(b)(3) and 963; T. 18,
U.S.C., §§ 2, 982, 1956(h)
and 3551 <u>et</u> <u>seq</u>.)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

    1.   In or about and between 1990 and October 2007,

both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendant RICARDO MARIAN

FANCHINI, also known as "Richard Rotmann," "Richard Fanchini,"

"Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina,"

"Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy

Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro,"

"Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek,"

"Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and
"Vasja," did knowingly and intentionally engage in a continuing
criminal enterprise, in that he committed violations of Title 21,
United States Code, Sections 841(a), 846, 952(a), 959 and 963,
including violations one through sixteen set forth below, which
violations were part of a continuing series of violations of
those statutes undertaken by the defendant RICARDO MARIAN
FANCHINI, in concert with five or more other persons, with
respect to whom the defendant RICARDO MARIAN FANCHINI occupied a
position of organizer, supervisor and manager, and from which
continuing series of violations the defendant RICARDO MARIAN
FANCHINI obtained substantial income and resources.    The
continuing series of violations, as defined by Title 21, United
States Code, Section 848(c), includes the following violations
set forth below:

### Violation One
(Conspiracy to Import Cocaine, Heroin and MDMA)

2.    In or about and between 1990 and October 2007,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally
conspire to import one or more controlled substances into the
United States from a place outside thereof, which offense
involved: (a) five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, (b) one kilogram or

2

more of a substance containing heroin, a Schedule I controlled
substance, and (c) a substance containing MDMA, a Schedule I
controlled substance, all in violatiof Title 21, United States
Code, Sections 952(a) and 963.

### Violation Two
(International Distribution Conspiracy)

3.    In or about and between 1990 and October 2007,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally
conspire to distribute one or more controlled substances,
intending and knowing that such substances would be imported into
the United States from a place outside thereof, which offense
involved: (a) five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, (b) one kilogram or
more of a substance containing heroin, a Schedule I controlled
substance, and (c) a substance containing MDMA, a Schedule I
controlled substance, all in violation of Title 21, United States
Code, Sections 959(a) and 963.

### Violation Three
(Conspiracy to Distribute Cocaine, Heroin and MDMA )

4.    In or about and between 1990 and October 2007,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally

3

conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, (b) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, and (c) a substance containing MDMA, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Violation Four
(Heroin Importation - Courier #1)

5.    In or about February 1991, within the Eastern District of New York and elsewhere, the defendant RICARDO MARIAN FANCHINI, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1)(A), and Title 18, United States Code, Section 2.

### Violation Five
(Heroin Importation - Courier #2)

6.    In or about February 1991, within the Eastern District of New York and elsewhere, the defendant RICARDO MARIAN FANCHINI, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved one kilogram or more of a

4

substance containing heroin, a Schedule I controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
960(b)(1)(A), and Title 18, United States Code, Section 2.

### Violation Six
(Heroin Importation - Courier #3)

7.    In or about March 1991, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved one kilogram or more of a
substance containing heroin, a Schedule I controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
960(b)(1)(A), and Title 18, United States Code, Section 2.

### Violation Seven
(Heroin Importation - Courier #4)

8.    In or about March 1991, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved one kilogram or more of a
substance containing heroin, a Schedule I controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
960(b)(1)(A), and Title 18, United States Code, Section 2.

## Violation Eight
(Heroin Importation - Courier #5)

9.   In or about March 1991, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved one kilogram or more of a
substance containing heroin, a Schedule I controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
960(b)(1)(A), and Title 18, United States Code, Section 2.

## Violation Nine
(Heroin Importation - Courier #6)

10.   In or about April 1991, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved one kilogram or more of a
substance containing heroin, a Schedule I controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
960(b)(1)(A), and Title 18, United States Code, Section 2.

## Violation Ten
(Heroin Importation - Courier #7)

11.   In or about June 1991, within the Eastern District
of New York and elsewhere, the defendant RICARDO MARIAN FANCHINI,
together with others, did knowingly and intentionally import a

6

controlled substance into the United States from a place outside
thereof, which offense involved one kilogram or more of a
substance containing heroin, a Schedule I controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
960(b)(1)(A), and Title 18, United States Code, Section 2.

## Violation Eleven
(Heroin Distribution)

12.   In or about and between February 1991 and December
1992, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant RICARDO
MARIAN FANCHINI, together with others, did knowingly and
intentionally distribute and possess with intent to distribute a
controlled substance, which offense involved one kilogram or more
of a substance containing heroin, a Schedule I controlled
substance, in violation of Title 21, United States Code, Sections
841(a)(1) and 841(b)(1)(A)(i), and Title 18, United States Code,
Section 2.

## Violation Twelve
(Attempted Cocaine Possession)

13.   In or about and between January 1997 and December
1999, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant RICARDO
MARIAN FANCHINI, together with others, did knowingly and
intentionally attempt to distribute and possess with intent to

distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(A)(ii)(II) and 846, and Title 18, United States Code, Section 2.

## Violation Thirteen
(International Distribution of MDMA)

14.   In or about and between January 2001 and April 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICARDO MARIAN FANCHINI, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing MDMA, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(C), and Title 18, United States Code, Section 2.

## Violation Fourteen
(Cocaine Importation)

15.   In or about and between January 2004 and January 2005, both dates being approximate and inclusive, within the District of South Carolina and elsewhere, the defendant RICARDO MARIAN FANCHINI, together with others, did knowingly and

8

intentionally import a controlled substance into the United
States from a place outside thereof, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance, in violation of Title 21, United States
Code, Sections 952(a) and 960(b)(1)(B)(ii), and Title 18, United
States Code, Section 2.

## Violation Fifteen
(International Cocaine Distribution)

16.   In or about and between January 2004 and January
2005, both dates being approximate and inclusive, within the
District of South Carolina and elsewhere, the defendant RICARDO
MARIAN FANCHINI, together with others, did knowingly and
intentionally distribute a controlled substance, intending and
knowing that such substance would be imported into the United
States from a place outside thereof, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance, in violation of Title 21, United States
Code, Sections 959(a) and 960(b)(1)(B)(ii), and Title 18, United
States Code, Section 2.

## Violation Sixteen
(Attempted Cocaine Possession)

17.   In or about and between January 2005 and October
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant RICARDO

9

MARIAN FANCHINI, together with others, did knowingly and
intentionally attempt to distribute and possess with intent to
distribute a controlled substance, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance, in violation of Title 21, United States
Code, Sections 841(a), 841(b)(A)(ii)(II) and 846, and Title 18,
United States Code, Section 2.

       (Title 21, United States Code, Sections 848(a) and
848(c); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Conspiracy to Import Cocaine, Heroin and MDMA)

       18.  In or about and between 1990 and October 2007,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, also known as "Richard Rotmann," "Richard Fanchini,"
"Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina,"
"Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy
Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro,"
"Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek,"
"Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and
"Vasja," together with others, did knowingly and intentionally
conspire to import one or more controlled substances into the
United States from a place outside thereof, which offense
involved: (a) five kilograms or more of a substance containing

10

cocaine, a Schedule II controlled substance, (b) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, and (c) a substance containing MDMA, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1), 960(b)(1)(A), 960(b)(1)(B)(ii) and 960(b)(3); Title 18, United States Code, Sections 3551 et seq.)

COUNT THREE
(International Distribution Conspiracy)

19.    In or about and between 1990 and October 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICARDO MARIAN FANCHINI, also known as "Richard Rotmann," "Richard Fanchini," "Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina," "Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro," "Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek," "Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and "Vasja," together with others, did knowingly and intentionally conspire to distribute one or more controlled substances, intending and knowing that such substances would be imported into the United States from a place outside thereof, which offense involved: (a) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, (b) one kilogram or

11

more of a substance containing heroin, a Schedule I controlled substance, and (c) a substance containing MDMA, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(3) and 963; Title 18, United States Code, Sections 3551 et seq.)

COUNT FOUR
(Conspiracy to Distribute Cocaine, Heroin and MDMA)

20.  In or about and between 1990 and October 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICARDO MARIAN FANCHINI, also known as "Richard Rotmann," "Richard Fanchini," "Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina," "Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro," "Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek," "Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and "Vasja," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, (b) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, and (c) a

12

substance containing MDMA, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

COUNT FIVE
(Cocaine Importation)

21.   In or about and between January 2004 and January 2005, both dates being approximate and inclusive, within the District of South Carolina and elsewhere, the defendant RICARDO MARIAN FANCHINI, also known as "Richard Rotmann," "Richard Fanchini," "Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina," "Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro," "Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek," "Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and "Vasja," together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

13

<u>COUNT SIX</u>
(International Cocaine Distribution)

22.   In or about and between January 2004 and January 2005, both dates being approximate and inclusive, within the District of South Carolina and elsewhere, the defendant RICARDO MARIAN FANCHINI, also known as "Richard Rotmann," "Richard Fanchini," "Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina," "Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro," "Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek," "Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and "Vasja," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

<u>COUNT SEVEN</u>
(Attempted Cocaine Possession)

23.   In or about and between January 2005 and October 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICARDO

14

MARIAN FANCHINI, also known as "Richard Rotmann," "Richard
Fanchini," "Riccardo Rotmann," "Riccardo Fanchini," "Riccardo
Kozina," "Richard Kozina," "Riccardo Wojoiechowska," "Jerzy
Bank," "Jeazy Bank," "Ioannis Skandalis-Themistoklis," "Kozina
Ryszaro," "Michael Prokupecz," "Aksamity," "Yura," "Warhol,"
"Rysiek," "Richard Ryjwirski," "Bank," "the Polack," "the Gypsy"
and "Vasja," together with others, did knowingly and
intentionally attempt to distribute and possess with intent to
distribute a controlled substance, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance.

       (Title 21, United States Code, Sections 841(a)(1),
841(b)(A)(ii)(II) and 846; Title 18, United States Code, Sections
2 and 3551 et seq.)

## COUNT EIGHT
(Money Laundering Conspiracy)

       24.   In or about and between 1990 and October 2007,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant RICARDO MARIAN
FANCHINI, also known as "Richard Rotmann," "Richard Fanchini,"
"Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina,"
"Richard Kozina," "Riccardo Wojoiechowska," "Jerzy Bank," "Jeazy
Bank," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro,"
"Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysiek,"
"Richard Ryjwirski," "Bank," "the Polack," "the Gypsy" and

15

"Vasja," together with others, did knowingly and intentionally
conspire to conduct financial transactions in and affecting
interstate and foreign commerce, to wit: the transportation,
transmission and transfer of funds to and through companies and
bank accounts, which in fact involved the proceeds of specified
unlawful activity, to wit: narcotics trafficking, in violation of
Title 21, United States Code, Sections 841(a)(1), 846, 952(a),
959(a) and 963, health care fraud, in violation of Title 18,
United States Code, Section 1347, and trafficking in contraband
cigarettes, in violation of Title 18, United States Code, Section
2342, knowing that the property involved in the financial
transactions represented the proceeds of some form of unlawful
activity, (a) with the intent to promote the carrying on of the
specified unlawful activity, in violation of Title 18, United
States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the
transactions were designed in whole and in part to conceal and
disguise the nature, the location, the source, the ownership and
the control of the proceeds of the specified unlawful activity,
in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

         (Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

16

<u>CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNT ONE</u>
(Continuing Criminal Enterprise)

25.   The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations; and any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including, but not limited to, the following:

a.   The parcel or parcels of real property located in Newark, New Jersey, bounded on the north by Third Avenue East, on the east by Passaic Avenue, on the south by Fourth Avenue East, and on the west by McCarter Highway (New Jersey Route 21); and

b.   A Riva 63, Vertigo #12 yacht purchased (or on order) from Lengers Yachts B.V.

26.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

17

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853)

CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS TWO THROUGH SEVEN
(Drug Importation, Distribution, and Conspiracy)

27.    The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts Two through Seven, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

18

28.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853)

## CRIMINAL FORFEITURE ALLEGATION FOR COUNT EIGHT
(Money Laundering Conspiracy)

29.   The United States hereby gives notice to the defendant charged in Count Eight that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such

19

offense, and all property traceable to such property, including but not limited to, the following:

a.   The parcel or parcels of real property located in Newark, New Jersey, bounded on the north by Third Avenue East, on the east by Passaic Avenue, on the south by Fourth Avenue East, and on the west by McCarter Highway (New Jersey Route 21); and

b.   A Riva 63, Vertigo #12 yacht purchased (or on order) from Lengers Yachts B.V.

30.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference into Title 18, United States Code, Section 982(b)(1), to seek

20

forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853, Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

21

FORM DBD.34
JUN.85

No. ____ ___ ___ ___ ___

UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ NEW YORK

THE UNITED STATES OF AMERICA

vs

RICARDO MARIAN FANCHINI,
also known as "Richard
Rotmann, Richard Fanchini,"
"Riccardo Rotmann," "Riccardo
Franchini," "Riccardo Kozina,"
"Richard Kozina," "Riccardo
Wojolechowska," "Jerzy Bank,"
"Jeazy Bank," "Ioannis
Skandalis-Themistoklis,"
"Kozina Ryszaro," "Michael
Kozina Ryszaro," "Aksamity,"
Prokupecz," "Yura," "Warhol," "Rysiek,"
Richard Ryjwirski," "Bank,"
"the Polack," "the Gypsy"
and "Vasja,"

Defendant.

SUPERSEDING INDICTMENT

Cr. No. 07-736(S-1)(CPS)
(T. 21, U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i),
841(b)(1)(A)(ii), 841(b)(1)(C), 846, 848(a),
848(c), 853, 952(a), 959(a), 959(c), 960(a),
960(a)(3), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(3)
and 963; T. 18, U.S.C., §§ 2, 982, 1956(h))

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 19 ___

_____
Clerk

Bail, $ _____

STEVE TISCIONE, AUSA (718) 254-6317