# GERALD L. SHARGEL

| | | |
|---|---|---|
| GERALD L. SHARGEL<br>ROSS M. KRAMER<br>EVAN L. LIPTON<br>———<br>HENRY E. MAZUREK<br>OF COUNSEL | LAW OFFICES | 570 LEXINGTON AVE., 45TH FLOOR<br>NEW YORK, NEW YORK 10022<br>TEL: 212.446.2323<br>FAX: 212.446.2330<br>info@shargellaw.com |

May 12, 2008

Hon. Charles P. Sifton
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: United States v. Fanchini, No. 07 Cr. 736 (S-1)**

Dear Judge Sifton:

  I write on behalf of the defendant charged as Ricardo Fanchini[1] in the above-referenced matter to respectfully request that the Court endorse the enclosed Order directing the Bureau of Prisons to allow Mr. Fanchini to visit with his two-year old son, Richard Jr., during his one week visit from England on May 20-23, 2008. The reason for this application is that Richard Jr. and his guardian, both of whom reside in London, are coming to New York for five days for the specific purpose of visiting Mr. Fanchini. Obviously, the prohibitive distance from Richard Jr.'s home and his very young age have prevented him from visiting with his father at the MDC Brooklyn to date and will not allow another visit anytime soon. Without the Court's intervention, I am informed by the MDC Brooklyn that Mr. Fanchini will be granted, at most, a single two-hour visit with his son during his regularly scheduled visiting day.[2]

  The visitation policy at the MDC Brooklyn permits only limited social visits to pretrial detainees. Specifically, detainees may only receive visits by immediate family members and such visits are limited to one hour per week on a designated day determined by the detainee's register number. See MDC Brooklyn, Institution Supplement, Inmate Visiting, BRO 5267.08A, Nov. 30, 2006, at 3 (relevant excerpts attached at Exhibit A). While "[e]xtended visits [may] be approved by the Unit Manager and Captain," id. at 3 ("Visiting Limitations"), this has been interpreted only to allow a single visit to be extended beyond the usual one hour limitation.

---

[1] For convenience of reference, we refer herein to the defendant under his charged name, "Ricardo Fanchini." However, as expressed in earlier filings to the Court, the defendant's true and correct name is Richard or Riccardo Rotmann. We note that the MDC Brooklyn has corrected defendant's name on its registry and now refers to him by his correct name, Riccardo Rotmann.

[2] On May 5, 2008, Mr. Fanchini, through his attorneys, contacted the administration of the MDC Brooklyn and requested the relief sought by this motion. On Thursday, May 8, 2008, I was informed by MDC Brooklyn's legal counsel, Adam Johnson, Esq., that the facility would not authorize Mr. Fanchini to meet with his son on multiple days in the same week.

GERALD L. SHARGEL

Hon. Charles P. Sifton<br>
May 12, 2008<br>
Page 2 of 3

MDC legal counsel, Adam Johnson, Esq., has informed me that the institution will not authorize social visits on days not designated as a regular visiting day for that inmate.

Because Mr. Fanchini's son is traveling from London, England to visit his father and due to his tender age, I respectfully request that the Court direct the MDC under these unusual circumstances to allow Richard, Jr. and his guardian, Nastsja Rasdobudko, to visit with Mr. Fanchini on each of the four days that they will be in New York.[3] Mr. Fanchini has received **no** social visits to date and he has now been in custody for almost four months. Mr. Fanchini has no relatives who reside in the United States and he is facing a trial date still several months away (January 2009). His son will not be able to visit again anytime soon. Accordingly, Mr. Fanchini does not seek special favors or privileges that are not afforded other inmates. He, in fact, faces more severe isolation than the normal inmate and seeks only a small variation from regular visiting policy at the jail.

I recognize the general rule that the Court will defer to the Bureau of Prisons on issues related to the regulation and management of prisoners. See, e.g. Bell v. Wolfish, 441 U.S. 520, 547 (1979). I note, however, that this Court also has authority under Rule 46(h) of the Federal Rules of Criminal Procedure to exercise a supervisory role over pre-trial detention. See Fed. R. Crim. P. 46(h), advisory committee's note. ("The purpose of this new subdivision is to place upon the court in each district the responsibility for supervising the detention of defendants and witnesses and for eliminating all unnecessary detention."). I respectfully submit that this request represents an appropriate use of the Court's discretionary supervisory authority over Mr. Fanchini's detention conditions. As stated above, the nature of this request will cause little disruption to the staff or operations at the MDC Brooklyn.

I have forwarded a copy of this letter motion to legal counsel to the MDC Brooklyn so that they are on notice of this request. I also attach a proposed order for the Court's review indicating the requested relief. In the alternative, if the Court is not inclined to provide Mr. Fanchini with the additional visiting time at the MDC Brooklyn, I respectfully seek the Court's assistance in arranging visits between Mr. Fanchini and his two year old son at an appropriate place within the Courthouse during the week of May 20-23, 2008.

If the Court needs additional information relevant to this request, the parties are available to be heard on a date convenient to the Court, but I respectfully ask to be heard immediately on this matter because Richard, Jr.'s guardian, Ms. Nastsja Rasdobudko, who will travel with him to New York, only has limited availability to travel and already has cleared her schedule to travel to

---

[3] According to information provided by Mr. Fanchini, both Richard Rotmann, Jr. and Nastsja Rasdobudko have applied and been approved as visitors to the MDC Brooklyn pursuant to that facility's normal procedure for admittance of social visitors.

GERALD L. SHARGEL

Hon. Charles P. Sifton<br>
May 12, 2008<br>
Page 3 of 3

New York on Monday, May 19, 2008. I appreciate the Court's special consideration of this unique request.

Respectfully yours,

Henry E. Mazurek

Encl.

cc:    Toni M. Mele
       Licha M. Nyiendo
       Assistant United States Attorneys
       (By ECF)

       Adam Johnson, Esq.
       Legal Counsel, MDC Brooklyn

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

RICARDO FANCHINI,

           Defendant.

------------------------------------------------------------X

07 Cr. 736 (S-1) (CPS)

**ORDER**

      UPON THE LETTER APPLICATION of Henry E. Mazurek, Esq., defense counsel for defendant Ricardo Fanchini, currently housed at the Brooklyn Metropolitan Detention Center ("MDC Brooklyn"), and registered there as Riccardo Rotmann (number 75712-053):

      IT IS HEREBY ORDERED THAT Mr. Fanchini be permitted to meet at the regularly designated social visiting area at the MDC Brooklyn with his son, Richard Rotmann, Jr., and guardian, Ms. Nastsja Rasdobudko on May 20, 21, 22, and 23, 2008 at a time convenient to the MDC Brooklyn for two hours on each day. Both Richard Rotmann, Jr. and Nastsja Rasdobudko shall be approved by the MDC Brooklyn to enter the facility according to its usual visitation requirements prior to the above visits.

Dated: Brooklyn, New York
       May ___, 2008

                              **SO ORDERED:**

                              _____
                              Hon. Charles P. Sifton, U.S.D.J.

{00008771;1}