**U.S. Department of Justice**

Federal Bureau of Prisons

Legal Department

Metropolitan Detention Center
100 29th Street
Brooklyn, New York 11232

May 13, 2008

SENT VIA FAX TO (718)613-2307
The Honorable Charles P. Sifton
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: **ROTMANN, Riccardo**
     **Federal Reg. No. 75712-053**

Dear Judge Sifton:

I write in response to the May 12, 2008 correspondence, received on May 13, 2008, regarding Riccardo Rotmann, Reg. No. 75712-053, currently housed at the Metropolitan Detention Center, Brooklyn, New York (MDC Brooklyn). Specifically, Mr. Rotmann's attorney requests that the Court order MDC Brooklyn to permit his son and the child's guardian to visit him daily from May 20, 2008, through May 23, 2008, for two hours each day. For reasons discussed below, MDC Brooklyn respectfully requests that the Court not issue an order in this regard.

Bureau of Prisons' regulations only mandate that inmates be provided a minimum of four hours visiting monthly. 28 C.F.R. § 540.43. At MDC Brooklyn, social visiting is generally limited to one hour weekly in order to maintain the security and good order of the institution. To the extent Mr. Rotmann seeks an extended visit, he must make these arrangements with his Unit Team ahead of time. Extended visits require the approval of the Unit Team and the Captain, and ordinarily requires the inmate to demonstrate that the visitors are coming from a great distance and are only staying a short period of time. The Unit Team can extend a visit to a maximum of three hours, but cannot furnish multiple visits in a single week.

MDC Brooklyn has set visiting days for each housing unit, with social visiting hours from 12:00 pm to 3:00 pm, and from 5:00 pm to 7:00 pm. Mr. Rotmann's regularly scheduled visiting day is Thursday. While we understand the difficulty in arranging for his son and his guardian to travel from England, arranging social visiting for days that are not an inmate's normally scheduled visiting day is a difficult task, especially on such short notice. It also has a negative impact on the safety, security, and good order of the institution in that it provides an unfair advantage to a single inmate when there are many similarly situated.

The Honorable Charles P. Sifton, United States District Judge
RE: ROTMANN, Riccardo, Reg. No. 75712-053
May 13, 2008
Page Two

Each housing unit is afforded one day a week for social visiting and the times for such are set by the inmates' register numbers to allow an equal opportunity to the 220 to 240 inmates in each housing unit. Contrary to Mr. Rotmann's attorney's contention, his situation is not unique in that there are many inmate's whose only family reside a great distance away, either across the country or outside of it. Like Mr. Rotmann's son, they are unable to visit their incarcerated family member more than once a year, and sometimes less. Many of these other inmates' families cannot visit as it is cost-prohibitive or their children are without a guardian suitable for admission into the institution. However, when they are able to visit, they are only offered the ability to participate in one extended visit in the week they are in New York.

For the above reasons, MDC Brooklyn respectfully requests that the Court defer to MDC Brooklyn's administrators in the manner in which social visiting is provided. Although Mr. Rotmann's attorney contends that the Court exercise its discretionary supervisory authority over his detention conditions, he also admits Bell v. Wolfish, 441 U.S. 520 (1979) advises deference to MDC Brooklyn administrators in issues related to maintaining the safety of inmates, staff, and others, and the security and good order of the institution. The Court ordinarily errs on the side of deference unless the condition complained of is not reasonably related to a legitimate government interest; however, the Court has recognized that maintaining institutional security and preserving internal order are essential goals that may require limitation or retraction of retained constitutional rights of both convicted prisoners and pretrial detainees. Bell, at 538, 546. MDC Brooklyn has implemented its visitation system in an effort to allow equal access to visiting for over 2500 inmates, of whom nearly 500 are vying for visits each day. To allow a single inmate greater access to visiting than other inmates, especially when there are many who are similarly situated or even worse off, could jeopardize his safety, the safety of staff, and the security and orderly running of the institution.

Based on the above information, MDC Brooklyn respectfully requests that the Court not sign the proposed Order. In the alternative, MDC Brooklyn respectfully joins in the defense counsel's request to arrange extra social visits for Mr. Rotmann at the Courthouse. If the Court is inclined to order any visits at MDC Brooklyn in addition to the extended visit on Mr. Rotmann's visiting day, MDC Brooklyn respectfully requests that it be limited to one extra visit to bring his total to the same four hours other inmates receive monthly, rather than three extra two-hour visits. Thank you for your time and consideration in this matter. If you have any questions or concerns, feel free to contact me at (718) 840-4200, extension 4740.

Sincerely,

Adam M. Johnson
Senior Staff Attorney