UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

    -v-                                                  07 Cr. 736 (S-1) (CPS)

RICARDO FANCHINI

                                                      **AFFIRMATION OF**
        *Defendant.*                             **HENRY E. MAZUREK, ESQ.**

------------------------------------------------------------X

      HENRY E. MAZUREK, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

      1.    I am an attorney duly admitted to practice before this Court.

      2.    I am a member of the Law Offices of Gerald L. Shargel, attorneys for defendant Ricardo Fanchini in the above-captioned matter. As such, I am fully familiar with the facts and circumstances of this case.

      3.    This affirmation, the annexed exhibits, and the Memorandum of Law submitted herewith, are respectfully submitted in support of Ricardo Fanchini's discovery and temporary release motions as set forth in the Notice of Motion and Memorandum of Law.

      4.    I am aware of the following facts related to discovery production and issues related thereto:

          a.    An initial set of wiretap recordings and transcripts were provided by the government immediately after Mr. Rotmann's arraignment on February 1, 2008. These materials included thousands of audio files of varying length, and approximately 4,400 pages of transcripts.

  b. The recordings included conversations made in different languages, including Russian, German, Polish and Spanish.

  c. The next set of discovery materials was made available at a private duplicating center on April 24, 2008, and was delivered to defense counsel's office on May 7, 2008.

  d. This second set of materials generally included applications and orders for electronic surveillance of several telephone numbers and email accounts; approximately 4,800 pages of documents seized from Mr. Fanchini's London residence; approximately 2,000 pages of a Dutch investigative file, the majority of which is not in the English language; approximately 28 boxes of documents seized from a co-defendant's business; and discs containing hundreds of unlabeled audio files in foreign languages derived from foreign wiretaps.

  e. A third set of discovery materials was made available at a private duplicating center on May 8, 2008. These materials included Spanish language audio and video recordings; English transcripts of the same; various documents related to Mr. Fanchini; various business documents allegedly related to the allegations in the indictment.

  f. As a result of the latter two productions by the government, made less than sixty days before the initial return date for pretrial motions, undersigned counsel moved the Court for an adjournment of the motions date.

  g. The parties conferred regarding outstanding discovery matters on two occasions: (1) telephonically on May 27, 2008, the day before the statute conference held on defendant's motion to adjourn the return date for pretrial motions; and (2) in person immediately

following the court appearance on May 28, 2008. These meetings were held in compliance of Local Criminal Rule 16.1 for the Eastern District of New York.

    h.  The following information was learned during these Rule 16.1 meetings:

    i.  The government believes it has provided to date only one-third of the total amount of discovery in the case. Discovery has been delayed because the government is relying on obtaining foreign government files as a primary source of evidence against Mr. Fanchini. The government claims that it has two large amounts of discovery materials still to produce from Dutch and Russian government sources;

    ii.  In the Russian government file alone, the government estimates that there are over 200 tapes of recorded conversations relevant to this case. In addition, there is an unknown amount of written materials. These materials are almost entirely, if not entirely, in languages other than English;

    iii.  The government has contracted with different translation services to translate all foreign language materials into English. This process, however, is particularly tedious and slow. According to government estimates, two to three months are needed to translate 1,000 pages of materials;

    iv.  In order to expedite the production of this foreign source evidence, the government has informed defense counsel that it intends to travel overseas in the coming months to meet with foreign law enforcement agents who will identify the documents and recordings that are relevant to this case. The government will then translate and review those materials identified by the foreign agents to determine what to produce in discovery.

    v.  The government intends to produce shortly the following materials: (1) excerpts from a Dutch investigative file dating back to the early 1990s alleging Mr. Fanchini's use of a communications company called M&S, Inc. in narcotics trafficking, and (2) a prior case file in the Eastern District of New York involving couriers who transported heroin to New

       York also in the early 1990s. These materials have not yet been produced.

     vi. The government realistically estimates that the other foreign source evidence that it intends to use at trial will not be completely produced, with English translations, until October 2008.

5. I have learned the following facts about Mr. Fanchini's current confinement conditions at the Metropolitan Detention Center ("MDC") in Brooklyn, New York:

  a. I have contacted Adam Johnson, Esq., counsel to the MDC, about problems that Mr. Fanchini (who is registered at the MDC under his legal name, Riccardo Rotmann), was having being able to receive and review the voluminous discovery in his case.

  b. As part of these discussions, we discussed the possibility of transferring Mr. Fanchini to the West Building at the MDC, which is differently configured than the East Building where Mr. Fanchini currently is housed. The West Building consists of units divided into two-person cells as opposed to the dormitory units in the East Building which house approximately 120 inmates in each dormitory. A two-person cell would be more favorable for Mr. Fanchini to have more security over his legal documents.

  c. Mr. Johnson informed me that he was attempting to coordinate with other officers at the MDC to arrange Mr. Fanchini's transfer to the West Building. As of June 10, 2008, Mr. Fanchini has not been transferred.

  d. Mr. Johnson indicated to me, however, that he would have to determine whether the West Building had any space available to hold the approximately 40 boxes of government discovery expected in this case.

6. The exhibits annexed to and referenced in Mr. Fanchini's Memorandum of Law are as follows:

EXHIBIT A – Letter of Henry E. Mazurek, Esq., May 12, 2008

EXHIBIT B – Affirmation of Ricardo Fanchini, June 9, 2008

EXHIBIT C – Inmate Request to Staff, June 6, 2008

EXHIBIT D – Defense Discovery Letter, February 27, 2008

Dated: New York, New York
June 10, 2008

_____
HENRY E. MAZUREK, ESQ.
Law Offices of Gerald L. Shargel
570 Lexington Avenue, 45th Floor
New York, New York 10022
(212) 446-2323