# GERALD L. SHARGEL

GERALD L. SHARGEL  
ROSS M. KRAMER  
EVAN L. LIPTON  

HENRY E. MAZUREK  
OF COUNSEL

LAW OFFICES

570 LEXINGTON AVE., 45TH FLOOR  
NEW YORK, NEW YORK 10022  
TEL: 212.446.2323  
FAX: 212.446.2330  
info@shargellaw.com

February 27, 2008

Toni Mele  
Stephen L. Tiscione  
Assistant United States Attorneys  
Eastern District of New York  
271 Cadman Plaza East  
Brooklyn, New York 11201-1820

Re: **United States v. Ricardo Fanchini,** 07 Cr. 736 (S-1) (CPS)

Dear Ms. Mele and Mr. Tiscione:

I write on behalf of defendant Riccardo Rotmann, charged as "Ricardo Fanchini," in the above-referenced case. I am in receipt of the Government's initial discovery letter dated February 1, 2008. In this letter, you informed us that "[a]dditional discovery will be provided on a rolling basis as soon as it becomes available." Gov. Letter, Steven Tiscione and Toni Mele, Feb. 1, 2008, at 1. In anticipation of this upcoming production, Mr. Rotmann specifically requests the following material in the government's possession, custody or control:

## I.

### Rule 16(a) Disclosure by the Government

1. Mr. Rotmann generally requests that the government produce: (1) any additional books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of any of these items that are in the government's possession, custody, or control, if such items are: (i) material to the preparation of Mr. Rotmann's defense; or (ii) the government intends to use an item in its case-in-chief; or (iii) the item was obtained from or belongs to Mr. Rotmann (Rule 16(a)(1)(E)); (2) all results or reports of any physical or mental examination and of any scientific test or experiment that may be material to the preparation of the defense or if the government intends to use such reports or results in its case-in-chief (Rule 16(a)(1)(F)); and (3) a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial; this summary must include the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications (Rule 16(a)(1)(G)).

GERALD L. SHARGEL

2.  Because this case largely involves materials obtained outside the United States, Mr. Rotmann expressly seeks timely production of all foreign documents, records, and materials obtained by the U.S. government from foreign governments or private entities relating to this investigation. This material includes but is not limited to all property belonging to Mr. Rotmann seized from his residence in London, the United Kingdom; all materials relating to Kremlyovskaya Group; and all materials relating to the business of the yacht known as "Kremlin Princess" or "Merlin." All document requests made below include requests for materials obtained outside the United States.

### A. Search, Seizure and Related Material

3.  Mr. Rotmann specifically requests the opportunity to inspect and copy any and all records, schedules, bills or other documents which relate to the investigation of this case including those which reflect telephone calls or toll call records or telephone charges over any instrument in which Mr. Rotmann maintained a possessory interest or over which instrument the United States or a foreign government knew, or believed, Mr. Rotmann utilized, and which are now within the possession, custody or control of the government, or the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

4.  The government is requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises which relate to Mr. Rotmann or the prosecution of this case, and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. This request specifically includes any and all documents obtained from foreign governments involving the aforementioned search authorizations and accompanying material.

5.  The government is requested to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are relevant to the preparation of the defense to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. With respect to any documents seized from the person or property of the defendants, or their agents, or co-conspirators, we request that the government make copies of said documents and provide them to us forthwith. This request specifically includes materials obtained in searches conducted by foreign government officials, including but not limited to searches conducted in the United Kingdom, Belgium, the Netherlands, Russia, Spain, or Poland.

GERALD L. SHARGEL

AUSAs Mele and Tiscione
February 27, 2008
Page 3 of 5

    6.    The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls, or any application of "triangulation" investigative techniques associated with cellular telephones, or any "cell site" records which were obtained in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

    7.    The government is requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. With respect to any photographs seized or video recordings made in conjunction with this case, we request that the government make copies of said material and provide them to us forthwith.

    8.    The government is requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this Indictment, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, places, etc.

    9.    The government is requested to disclose any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner to this Superseding Indictment, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

    10.    The government is requested to disclose any and all court-authorized or non-court authorized observations by U.S or foreign law enforcement officers of Mr. Rotmann that were made from: (a) airplanes, helicopters, or other airborne devices, and by any ships, boats, or other marine or submarine vessels; or (b) from property owned, leased or in which the defendant had a possessory, leasehold or ownership interest.

    **B.**    **Wiretapping, Eavesdropping and Consensual Recordings and Related Materials**

    11.    Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, national security letters, etc., which relate to this case and which pertain to the use of

GERALD L. SHARGEL

AUSAs Mele and Tiscione
February 27, 2008
Page 4 of 5

mechanical or electronic interception devices which were made, written or issued by any representative of federal, state, city, or foreign governments and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

12. In addition to the materials already produced, discovery is sought as to any and all other mechanical or electronic recordings and/or tapes that contain any of the defendant's, his agents' or any alleged unindicted co-conspirators' conversations which emanated from any premises or over any instrument in which the defendant possessed a proprietary interest or which were made in connection with a domestic or foreign court ordered eavesdropping warrant in which any co-conspirator was named as a party to be intercepted or was a person who was in fact intercepted.

13. Discovery is sought as to any and all handwritten notes, memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications which were made by any public servant, or their duly authorized representatives, which are relevant to the preparation of the defense of this case and related in any way to wiretapping or eavesdropping conducted by agents of federal, state, city or foreign governments. Discovery is also specifically sought as to any documents, recordings of hearings, or any other record of any request for the unsealing of the contents of recordings of the government's wiretapping or eavesdropping of Mr. Rotmann made during the course of the government's investigation related to the Indictment in this case.

14. Discovery is sought as to a schedule of each type of mechanical or electronic eavesdropping device or other device capable of intercepting oral communications or of intercepting communications over radio, telephone or radio-telephone equipment and which were used in conjunction with, or relate to, this Indictment.

15. Discovery is sought of any rough notes or any other handwritten materials by U.S. or foreign government agents or law enforcement officials made contemporaneously to their listening to communications of defendant or any co-conspirators through wiretapping or eavesdropping devices.

## II.

### FRE 404(b) Disclosure by the Government

Mr. Rotmann also requests the government to provide reasonable notice sufficiently in advance of trial of the general nature of any evidence it intends to introduce in its case-in-chief of other crimes, wrongs, or acts that may be admissible pursuant to Rule 404(b) of the Federal Rules of Evidence.

GERALD L. SHARGEL  AUSAs Mele and Tiscione
February 27, 2008
Page 5 of 5

### III.

### FRE 807 Disclosures by the Government

Mr. Rotmann requests the government to provide reasonable notice sufficiently in advance of trial of the government's intention to offer any hearsay statements into evidence pursuant to the residual exception to the hearsay rule, Rule 807 of the Federal Rules of Evidence. Specifically, Mr. Rotmann requests that the government provide the particulars of any statement, including the name and address of the declarant.

### IV.

### Disclosure of *Brady* Material by the Government

Lastly, Mr. Rotmann requests the government to provide him with any Brady or Giglio material in the government's possession sufficiently in advance of trial to provide us a fair opportunity to investigate the information.

In the event that you object to production of any of the aforementioned items, I request that pursuant to Local Criminal Rule 16.1 that we promptly schedule a meeting to attempt in "good faith to resolve by agreement the issues" raised by our discovery requests. See Local Crim. Rule 16.1.

Very truly yours,

Henry E. Mazurek