U.S. Department of Justice

Federal Bureau of Prisons

Legal Department

Metropolitan Detention Center
100 29th Street
Brooklyn, New York 11232

June 26, 2008

The Honorable Charles P. Sifton
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: **ROTMANN, Riccardo**
     **Federal Reg. No. 75712-053**

Dear Judge Sifton:

I write regarding a Motion filed by Riccardo Rotmann, Reg. No. 75712-053, currently housed at the Metropolitan Detention Center, Brooklyn, New York (MDC Brooklyn). Specifically, Mr. Rotmann's attorney requests that the Court allow his temporary release to review legal material at the attorney's office. The Motion contends that his conditions of confinement are not conducive to reviewing voluminous discovery. For reasons discussed below, MDC Brooklyn respectfully supports the Government's opposition to this Motion.

Mr. Rotmann has not filed a single administrative remedy regarding non-legal visiting or any other issue since being transferred to MDC Brooklyn on January 31, 2008.[1] Accordingly, the failure to exhaust his administrative remedies makes it premature to consider whether his conditions of confinement at MDC Brooklyn raise a constitutional question to be considered by the Court. Without waiving the exhaustion argument, the merits of the matter are discussed herein.

---

[1] Pursuant to the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West Supp. 1997); See, e.g., Porter v. Nussle, 122 S. Ct. 983 (2002)(the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong); Booth v. Churner, 121 S. Ct. 1819 (2001)(the PLRA amended §1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory--whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action); Gibson v. Goord, 280 F.3d 221, 224 (2nd Cir. 2002); Neal v. Goord, 267 F.3d 116, 121 (2nd Cir. 2001).

The Honorable Charles P. Sifton, United States District Judge
RE: ROTMANN, Riccardo, Reg. No. 75712-053
June 26, 2008
Page Two

Mr. Rotmann was correct in his statement that he sought access to a storage bin while housed in the East Building. Unfortunately, his Unit Team was unable to find him one. Accordingly, MDC Brooklyn planned to move Mr. Rotmann to the West Building in early May; however, he was maintained in the East Building so as not to adversely impact his special visitation with his daughter and her guardian on May 22 and 23, 2008. It is my understanding that he will be moved to the West Building very soon. As the West Building is comprised of two-person cells rather than dormitory housing, such a move will allay many of his storage and review concerns regarding his legal material.

MDC Brooklyn does not have secure storage capacity for thirty to forty boxes of discovery material. At best, this facility can accommodate five to ten boxes of legal material at a time. One potential solution to this problem would be for the material to be scanned onto CD-Roms, preferably readable with an Adobe program, and mailed to Mr. Rotmann. The only other alternative would be for Mr. Rotmann to possess and review several boxes of material at a time, then return the boxes to defense counsel when they deliver new material. This would be burdensome on MDC Brooklyn, the defense counsel, and the United States Attorney's Office, who, for security reasons, may have to serve as a conduit for the material-swapping transaction.

Ultimately, conversion into a digital format would be easier for mailing, storage, and review. However, for security reasons, MDC Brooklyn does not permit outside laptop computers in this facility. Instead, there are two legal libraries at MDC Brooklyn - one library in each of the West and East buildings.[2] Each library consists of legal books, electric typewriters, and four computers on which inmates may access and view discovery material on CD-ROM format. Typically, inmates at MDC Brooklyn may access the law library during their scheduled law library hours, which are one day a week, Monday through Thursday. Inmates may sign up to access the law library between the hours of 7:45 a.m. through 10:40 a.m., and from 12:30 p.m. through 3:30 p.m. Since MDC Brooklyn is a high-rise building, each floor is allowed access to the law library one day per week because many of the inmates must be separated from each other at all times for security purposes. Furthermore, inmates are allowed access to the law library by floors so that the law library can physically accommodate the large number of inmates requesting to use the library.

With regards to discovery material provided on CD-ROM format, each of the law libraries at MDC Brooklyn currently contain four computers which inmates may access during their scheduled law library hours. If an inmate has an excessive amount of discovery material, however, there are two additional computers located in each of the East and West Visiting Rooms for inmates to access between the hours of 8:00 a.m. and 11:00 a.m., Monday through

---

[2] In addition to the two main law libraries, a basic law library is also located in the Special Housing Unit (SHU).

The Honorable Charles P. Sifton, United States District Judge
RE: ROTMANN, Riccardo, Reg. No. 75712-053
June 26, 2008
Page Three

Friday.[3] In order to access these facilities, inmates are required to submit a written request through the Education Department for approval. Once the Education Department approves the request, staff will move the CDs from the law library to the visiting room.

Inmates who are pro se or who have a demonstrated legal need, such as excessive CD-ROM discovery material or an imminent court deadline, may be granted an additional six hours of library time on Fridays by submitting a written request, specifically an Inmate Request to Staff Member form (otherwise referred to as a "copout"), to the Education Department. However, all requests for additional law library time are subject to staff availability, number of inmate requests, and security concerns. Moreover, the number of inmates already approved for Friday legal library access as pro se makes it very difficult for the defendants in this matter to review their digital discovery with any consistency. Furthermore, if Mr. Rotmann is already using the Visiting Room on Fridays, Friday legal library access would only provide an additional two to three hours of discovery review. Accordingly, inmate requests for Friday legal library access are considered by the Education Department on a case-by-case basis.

In order to maximize access to the computers, we recommend that attorneys mail two sets of discovery material to their clients. One set of discovery material will then be placed in the law library for an inmate to access during his or her regular scheduled law library day and, if approved, on the additional hours provided on Fridays. The other set of discovery material will be placed in the visiting room for the inmate to access up to five days per week. The attorneys may also bring CD-Roms into the institution to review with their clients on the computers available in the visiting rooms.

Based on the above information, MDC Brooklyn respectfully submits this letter in support of the Government's opposition to Mr. Rotmann's Motion. Thank you for your time and consideration in this matter. If you have any questions or concerns, feel free to contact me at (718) 840-4200, extension 4740.

Sincerely,

Adam M. Johnson
Senior Staff Attorney
MDC Brooklyn

---

[3] If any of the Visiting Room computers are out of service, or if all are in use, an extra laptop computer is maintained in the Legal Department.