

SLR:LDM:CSK
F#2008R00780

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 9, 2013

<u>Via ECF and Hand Delivery</u>

The Honorable Frederic Block
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   <u>United States v. Fanchini, Dozortsev, et. al.</u>
>       CR 07-736 (S-3)(FB)
>       <u>Third Party Motion/Petition by Regina Vadimova</u>
>       <u>Linetskaya</u>

Dear Judge Block:

The Government submits this letter in support of its motion: (1) to dismiss and/or strike the Third Party Petition of Regina Vadimova Linetskaya, pursuant to Fed. R. Civ. P. 12(b)(6) and (f) regarding "one loose round 2.19 carat Diamond" (hereinafter "the Diamond") for its failure to comply with the requirements of 21 U.S.C. § 853(n)(3); (2) to compel discovery pursuant to 21 U.S.C. § 853(m) and Fed. R. Civ. P. 37 as demands were served on Third Party Petitioner's counsel[1] over a year ago on January 6, 2012 and that, to date, have never been responded to; and (3) to compel pursuant to 21 U.S.C. § 853(m), the Third Party Petitioner as well as any other witnesses the petitioner intends to rely upon in support of her claim, be produced and made available for deposition. As set forth below, prior to seeking this letter for judicial relief, the Government has attempted on multiple occasions, without success, to contact Third Party Petitioner's counsel.

<u>Procedural and Factual Background</u>

On or about October 13, 2007, at the time the defendant, Nikolai Dozortsev, (hereinafter "the defendant") was initially arrested and a search warrant was executed at his residence located at 2805 Ocean Parkway, Apt. 10B, Brooklyn, New York, the Diamond was seized by agents of the Drug Enforcement Administration ("D.E.A."). (<u>See</u> D.E.A.'s Notice of Seizure, dated

---

[1] Throughout the criminal case, the criminal defendant, Nikolai Dozortsev, was represented by the same retained counsel, Barry S. Zone, Esq., who has now entered a Notice of Appearance on behalf of the Third Party Petitioner.

Nov. 14, 2007).[2]

At that time of the search and upon further inspection, the Diamond was found with in a GIA Certificate, dated September 20, 2007, with bank documents for the defendant that were seized from the defendant's master bedroom.  See Relevant Portions of DEA 6a, dated October 14, 2007 (attached hereto as Exhibit A) and GIA Certificate, dated September 20, 2007 (attached hereto as Exhibit B).  The Diamond has been appraised to have a fair market replacement value of approximately $28,350.00. See Appraisal Report, dated October 16, 2009 (attached hereto as Exhibit C).

On or about November 12, 2008, the defendant, pled guilty to Counts Seventeen and Eighteen of a twenty count indictment. (Dkt. Entry # 115). Count Seventeen charged that between January 1997 and October 2007, the defendant, together with others, conspired to launder money on behalf of the Fanchini Organization, which money he knew was proceeds of illegal narcotics and cigarette trafficking, in violation of 18 U.S.C. § 1956(h).  Count Eighteen charged that between April 2003 and August 2007, the defendant, together with others, executed a scheme to defraud a health care benefit program (Medicaid), and to fraudulently obtain money and property under the control of the Medicaid program in connection with the delivery of and payment for health care benefits, items and services, in violation of 18 U.S.C. § 1347. Id.

In connection with his guilty plea, on November 17, 2008, a Preliminary Order of Forfeiture mandating that the defendant pay a forfeiture money judgment amount of $150,000 and forfeit forty specifically identified pieces of property (collectively "the Forfeited Assets"), including the Diamond.[3] The Preliminary Order of Forfeiture was signed and entered on the docket in this criminal case on November 20, 2008. (Dkt Entry # 118).

---

[2] At the time the search warrant was executed agents also found and seized over $12,000 cash, multiple firearms, and ammunition.  See Pre-Sentence Report for the defendant, at ¶ 51.

[3] In addition to a money judgment amount of $150,000, and the Diamond, the Preliminary Order of Forfeiture lists the following other specific properties to be forfeited by the defendant: cash, shares of stock, luxury vehicles, and foreign bank accounts. (Dkt. # 118).

Specifically, the Preliminary Order of Forfeiture mandates: "The defendant shall forfeit all his right, title and interest in the Forfeited Assets to the United States of America as property involved in his violation of 18 U.S.C. § 1956(h), and/or as substitute assets, pursuant to 21 U.S.C. § 853(p)." (Preliminary Order of Forfeiture, Dkt. Entry # 118 at ¶ 2).

On December 16, 2010, the defendant was sentenced by this Court to a term of federal incarceration of 51 months on Count Seventeen; 13 months on Count Eighteen and, inter alia, was ordered to comply with the Order of Forfeiture. (Minute Entry on CR 07-736 for 12/16/2010). On December 28, 2010, Judgment was entered against the defendant. (Dkt. Entry # 206).

Publication of the Preliminary Order of Forfeiture was posted on the official government internet site www.forfeiture.gov for at least thirty consecutive days beginning on January 22, 2009. (Declaration of Publication, Dkt. Entry # 137). On or about December 31, 2008, direct written notice and a copy of the Preliminary Order of Forfeiture was also sent to defendant's wife, Irina Dozortsev, at the 2805 Ocean Parkway, Apt. 10, Brooklyn, New York address, and Zinaida Salovskaya at the same address. (See Docket Entry # 218 and Exhibits attached thereto).

Over two years later, on March 29, 2011, an additional courtesy copy of the Preliminary Order of Forfeiture was re-sent to Third Party Petitioner's counsel indicating that any claim to the Diamond must be filed by May 2, 2011. Id. Thereafter, multiple courtesies for additional time were extended by the Government to Third Party Petitioner's counsel to file a claim.

On November 30, 2011, Third Party Petitioner, a Ukrainian citizen, by and through counsel, filed with the Court a claim contending that the Diamond seized from the defendant and which the defendant agreed to forfeit over two years ago is hers. From the documents filed by the Third Party Petitioner, she contends that she inherited the Diamond from her mother who died in 2001 and then brought it from the Ukraine to the United States at some unspecified time during the year 2007 in order to get it appraised by the "American Gemological Institute"[4] [sic] with the assistance of the defendant's wife and apparently left the United States at some unspecified time without the Diamond and before

---

[4] Properly known as the Gemological Institute of America (the "GIA").

the October 13, 2007 arrest and search warrant was executed. (See Dkt. # 217).

> I.    The Third Party Petition Should be Dismissed and/or Striken as it Fails to Comply with the Requirements of 21 U.S.C. § 853(n)(3)

As previously set forth in the Government's January 6, 2012 letter to the Court (Dkt. # 218 at pp. 3-4), the documents filed in support of the Third Party Petition individually and collectively contain numerous vagaries which call into question their veracity.  Their dubious characteristics will not be repeated here.  However, these vagaries highlight that the Third Party Petition's claim is deficient in significant respects in that it fails to comply with the requirements of 21 U.S.C. § 853(n)(3).

Specifically, 21 U.S.C. § 853(n)(3) mandates:  "The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."

The very purpose of these specific requirements for any such petition is to ensure there is no fraud on the Court. Indeed, proper verification of a claim is not a mere procedural technicality, but places a claimant at risk of perjury for filing a false claim.  See e.g., United States v. One Men's Rolex Pearl Master Watch, 357 Fed. Appx. 624, 627 (6th Cir. 2009)(requiring strict compliance with verification requirement in order to minimize danger of false claims); United States v. Speed Joyeros, 410 F. Supp. 121, 124 (E.D.N.Y. 2006)(Weinstein, J.)(finding that petitioners failed to comply with 853(n)(3) and acknowledging under Second Circuit law that there is substantial danger of false claims in forfeiture proceedings); United States v. $138,381, 240 F. Supp. 2d 220, 228 (E.D.N.Y. 2003)(Dearie, J.)(Azrack, M.J.)("Because there is a substantial danger of false claims in forfeiture proceedings, verification on oath or solemn affirmation is an essential element of a claim under Rule C(6)").

Here, in light of the multiple vagaries in the Third Party Petitioner's submission, including but not limited to the fact that while the Petition indicates it has been signed "under penalty of perjury" on November 29, 2011, the signature is neither certified nor notarized and there is no evidence that

this document was, to the extent necessary, translated from English to Russian before it was allegedly signed, the veracity of the Petitioner's claim to the Diamond is, at best, dubious.

Moreover, among other omissions and the absence of documentary substantiation, the specific date the Petitioner alleged brought the Diamond with her from the Ukraine, the length of her visit to the United States on that particular trip, the length of her alleged visit at the Dzortesev residence in Brooklyn, New York, and the specific date she departed the United States to return to the Ukraine apparently without the Diamond have been omitted and further call into question the veracity of the Petitioner's alleged claim to the Diamond.

Accordingly, the Third Party Petition must be corrected and amended to comply with the strict requirements of Section 853(n)(3). Further, if not corrected and amended, the Government respectfully requests that the pending Third Party Petition be dismissed and/or striken. <u>See</u> Fed. R. Civ. P. 12(b)(6), (f), 41(b); <u>Pacheco v. Sendensky</u>, 393 F.3d 348, 352 (2d Cir. 2004)(where petitioner is not able to demonstrate a prima facie entitlement to relief, courts have routinely dismissed third-party petitions without a hearing).

II.   Third Party Petitioner Has Failed to Comply with
      <u>the Long Outstanding Discovery</u>

It is well established that during the ancillary proceeding it is ultimately the Third Party Petitioner's burden to prove her claim by a preponderance of the evidence. <u>See</u> 21 U.S.C. § 853(n)(6); <u>Pacheco v. Serendensky</u>, 393 F. 3d at 351.

The sole issue during the ancillary proceeding under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(6), is whether or not the Third Party Petitioner has shown, by a preponderance of the evidence, that "(A) the petitioner has a legal right, title or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section."[5]

---

[5] Third Party Petitioner does not allege or base her third party claim on 21 U.S.C. § 853(n)(6)(B).

Notably, Section 853(n) does not permit a third party the right to challenge the legality of the seizure or to relitigate the forfeiture proof in the criminal case. United States v. Porchay, 533 F.3d 704, 710 (8th Cir. 2008); 21 U.S.C. § 853(n)(5)(at ancillary hearing, in addition to testimony and evidence, court is to consider portions of record in criminal case); EJD Diamond Manufacturer v. United States, 273 Fed. Appx. 65 (2d Cir. 2008)(upholding dismissal of third party claim to diamonds seized from money launderer where there was no documentary evidence of a consignment relationship and the evidence presented was contradictory or dubious); United States v. Duong, 2011 WL 2413521 at * 7-9 (D. Conn. June 10, 2011)(denying third party claims based on evidence in criminal case record and lack of credibility determinations).

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), "before conducting a hearing on the petition, the court may permit the parties to conduct discovery,. . .if the court determines that discovery is necessary or desirable to resolve factual issues." Furthermore, the Preliminary Order of Forfeiture entered by the court in this case specifically authorizes the United States to take discovery. See Preliminary Order of Forfeiture (Dkt. # 118) at ¶ 7. See also Fed. R. Crim. P. 32.2(b)(3)(authorizing the government to conduct any discovery to identify, locate or dispose of property).

In this case, contemporaneous with the Government's response to the Third Party Petition (Dkt. # 218), on or about January 6, 2012, the Government served discovery demands on Third Party Petitioner regarding the facts and circumstances surrounding her alleged acquisition, ownership, conduct and representations regarding the Diamond. See Government's January 6, 2012 Letter sent via Federal Express with a copy of the Government's First Set of Interrogatories and Requests for Production ("the Government's Discovery Demands")(attached hereto as Exhibit D).

Notwithstanding the numerous courtesies already extended by the Government to Third Party Petitioner, no responses to these outstanding discovery responses have, to date, been provided. Indeed, on July 2, 2013, upon learning of this Court's issuance of a scheduling order for an evidentiary hearing on this matter, which is currently scheduled for September 5, 2013 at 11 am, the Government sent an additional courtesy copy via email of the Government's Discovery Demands to Third Party Petitioner's counsel. See Government's July 2, 2013 email with an acknowledgment that the email message was read. (attached hereto

as Exhibit E).  Again, when no response whatsoever was received, and in an effort to resolve these outstanding issues without judicial intervention, on August 6, 2013, the Government called Third Party Petitioner's counsel and left a voice mail message. As of the date of this letter, no telephone or email response from Third Party Petitioner's counsel has been received.

        The Court should compel Third Party Petitioner to provide complete responses to the Government's outstanding Discovery Demands.  Third Party Petitioner's failure to respond in any way to the Government's Discovery Demands has prejudiced the Government insofar as it has been unable to properly and fully defend against Third Party Petitioner's alleged claims. See Dozier v. Quest Diagnostics Inc., No. 09 Civ. 9941, 2010 WL 5393482, * 2 (S.D.N.Y. Dec. 8, 2010)("The delay created by plaintiff's refusal to cooperate with discovery requests is clearly prejudicial"); cf., Mathews v. United States Shoe Corp., 176 F.R.D. 442 (W.D.N.Y. 1997)(case dismissed because defendant was prejudiced by pro se plaintiff's failure to comply with defendant's discovery requests).  Accordingly, the Government respectfully requests that Third Party Petitioner be ordered to provide complete responses to the Government's Discovery Demands.

        If the Court grants the Government's requested relief, and if Third Party Petitioner nevertheless fails to comply with the Court's order, we respectfully request that Third Party Petitioner be precluded from offering any evidence in any subsequent dispositive motion or at any evidentiary hearing related to this action.  See Fed. R. Civ. P. 37(b)(2)(A)(ii) (courts may prohibit a party from supporting her claims, or from introducing evidence, if she fails to comply with a discovery order); Soria v. Girdich, No. 04-CV-727, 2006 WL 3791325, at *1 (N.D.N.Y. Dec. 21, 2006)(precluding the plaintiff from presenting certain evidence due to his failure to comply with a prior discovery order directing him to respond to the defendants' discovery demands).  We also respectfully request that Third Party Petitioner be warned that her failure to comply with court orders and her discovery obligations may result in the dismissal of her claim.  See Fed. R. Civ. P. 41(b).

                III. Depositions Under 21 U.S.C. § 853(m) of Third
                     Party Petitioner and any other Witnesses Are
                     Warranted

        Title 21 U.S.C. § 853(m) provides in relevant part that, "...the court may, upon application of the United States, order that the testimony of any witness related to the property

forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure." See also, Fed. R. Crim. P. 32.2(c)(1)(B); United States v. Hailey, 2013 WL 632246 at * 6 (D. Md. 2013)(granting government's motion to compel discovery and testimony in connection with ancillary claim by defendant's wife to forfeited assets).

In this case, should Third Party Petitioner intend to proceed with her claim to the Diamond, the United States respectfully requests that in addition to complying with the requirements of 853(n)(3) and providing complete responses to the Government's Discovery Demands, that in advance of any evidentiary hearing, that the Court order the deposition testimony of Third Party Petitioner as well as any other witnesses she identifies once she responds to the Government's Discovery Demands and at least two weeks in advance of any evidentiary hearing.

We thank the Court for its consideration of this application.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
        /s/

By:    _____
Claire S. Kedeshian
Assistant U.S. Attorney
(718) 254-6051

Enclosures

cc (with enclosures): Via ECF and Federal Express

    Barry S. Zone, Esq.
    Moses & Singer, LLP
    405 Lexington Ave, 12th Floor
    New York, New York 10174