Exhibit D



SLR:LDM:CSK
F#2008R00780

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

*271 Cadman Plaza East
Brooklyn, New York 11201*

January 6, 2012

Federal Express

Barry S. Zone, Esq.
Moses & Singer, LLP
405 Lexington Ave, 12th Floor
New York, New York 10174

    Re:  United States v. Dozortsev, et. al.
         CR 07-736 (S-3)(FB)
         Third Party Motion/Petition by Regina Vadimova
         Linetskaya

Dear Mr. Zone:

    In connection with the above-referenced matter, enclosed please find:

    (1) an additional courtesy copy of the United States' January 6, 2012 Letter and Exhibits (Dkt. # 218) filed with the district court via ECF; and

    (2) the United States' First Set of Interrogatories and Requests for Production to Third Party Petitioner.

    Timely and complete responses to the United States' discovery is expected.

    Thank you.

                           Very truly yours,

                           LORETTA E. LYNCH
                           United States Attorney
                           Eastern District of New York

              By:    /s/
                         Claire S. Kedeshian
                         Assistant U.S. Attorney
                         (718) 254-6051

Enclosures

| | | | |
|---|---|---|---|
| | | | SPH31 |

## US Airbill

FedEx Tracking Number: **8698 4422 0426**

Form ID No.: **0215**   **Sender's Copy**

1/6/2012

Sender's FedEx Account Number: 1510-3230-3

Sender's Name: Claire Kedeshian - AUSA    Phone (718) 254-6051

Company: USDOJ/US ATTY OFC

Address: 271 CADMAN PLZ E

City: BROOKLYN    State: NY    ZIP: 11201-2790

**4a Express Package Service**   Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**   Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [X] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**2 Your Internal Billing Reference**: OPTIONAL

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

**3 To**

Recipient's Name: Barry S. Zone, Esq.    Phone ( )

Company: Moses & Singer, LLP

Recipient's Address: 405 Lexington Ave, 12th Floor

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes Shipper's Declaration not required
- [ ] Dry Ice, 9, UN 1845 ___ x ___ kg
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Address:

City: New York    State: NY    ZIP: 10174

0404325879

Total Packages   Total Weight   Total Declared Value $ .00

**8 Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519



Find drop-off locations at fedex.com
Simplify your shipping. Manage your account. Access all the tools you need.

Rev. Date 10/06•Part #158279•©1994–2006 FedEx•PRINTED IN U.S.A.•SRS

SLR:LDM:CSK
F.#2007R00229

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

          - against -

NIKOLAI DOZORTSEV, et. al.

- - - - - - - - - - - - - - - - X
- - - - - - - - - - - - - - - - X

IN RE:

REGINA VADIMOVA LINETSKAYA
(aka "Regina Linetska"),

          Third Party Petitioner.
- - - - - - - - - - - - - - - - X

United States's First Set Of Interrogatories and Requests for Production to Third Party Petitioner

Criminal Action No.

07-CR-736 (FB)

        The United States of America, pursuant to the Federal Rules of Criminal Procedure Rule 32.2(c)(1)(B), and Federal Rules of Civil Procedure Rules 33 and 34, and in connection with the Third Party Petitioner's request for an ancillary proceeding hearing regarding the forfeiture of a loose round 2.19 Carat Diamond, ("the Diamond"), hereby submits and requests Third Party Petitioner respond in writing, under oath, in English, and within thirty (30) days of service, to the following Interrogatories. All responses to such Interrogatories are to be in writing, under oath, and submitted within thirty (30) days of service, pursuant to Fed. R. Civ. P. Rules 26(g) and 33(b) (Signature by counsel is

unacceptable). Any supporting documentation available in response to such Interrogatories should also be provided.

### DEFINITIONS

1. "You," "your" and "Third Party Petitioner" shall refer to Regina Vadimova Linetskaya (aka "Regina Linetska"), and her representatives, agents, and attorneys.

2. The "Diamond" shall refer to the property found and seized from the residence of defendant Nikolai Dozortsev, 2805 Ocean Parkway, Apt. 10, Brooklyn, New York 11235 on October 13, 2007 which was ordered forfeited pursuant to the Preliminary Order of Forfeiture entered against criminal defendant, Nikolai Dozortsev in the above-referenced criminal case on or about November 17, 2008.

3. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34(a) and Local Civil Rule 26.3 are incorporated herein and set forth, in pertinent part, below for your convenience:

   a. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise);

   b. "Concerning" means relating to, referring to, describing, evidencing, or constituting;

   c. "Document" includes all documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

d. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

e. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s);

f. "Person" is defined as any natural person or any business, legal or governmental entity or association; and

g. The following rules of construction apply to all discovery requests:

i. All/Each. The terms "all" and "each" shall be construed as all and each;

ii. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

iii. Number. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. The Third Party Petitioner shall provide separate responses to each Interrogatory and Document Request.

2. Your response to each Interrogatory shall include such knowledge or information as is within your actual or constructive possession including, but not limited to, knowledge or information in the actual or constructive possession of your representatives, officers, agents, attorneys and employees.

3. Where facts set forth in answers to Interrogatories or portions thereof are supplied upon your information and belief, rather than your actual personal knowledge, the answer should so state, and should specifically describe or identify the sources of such information and belief.

4. If you cannot answer the entire Interrogatory, answer to the fullest extent possible, specify your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

5. You must answer each Interrogatory fully and separately in writing under oath and execute the attached declaration. The full text of the Interrogatory to which you are responding should be restated before your answer.

6. You must respond to each Document Request fully and separately in writing. The full text of the Document Request to which you are responding should be restated before your written response.

7. The Interrogatories and Document Requests are continuing in nature, meaning that if, at any time after submitting your initial written responses and producing responsive documents, you obtain information, knowledge or documents causing you to believe that the response to any Interrogatory or Document Request was not true, correct, or complete when given, you are required to provide, by way of

supplementary responses and productions, the true, correct, and complete answers to the Interrogatory, in writing under oath, or any other documents responsive to the Document Requests, within ten (10) days following the date upon which such knowledge or documents were first obtained by you.

8. With respect to each answer to the Interrogatories, identify the person who prepared or supplied the information for such answer, including that person's name and business address.

9. With respect to the Document Requests, you are required to search for and produce all responsive documents, wherever located, that are in your actual or constructive possession, custody, care and/or control, and in the actual or constructive possession, custody, care and/or control of your representatives, officers, agents, attorneys and employees. If you have more than one copy of a document, and the copies are not identical, you must produce all copies of the document that you have in your possession.

10. If you contend that the answer to any Interrogatory or response to any Document Request is privileged in whole or in part, or otherwise object to any part of any Interrogatory or Document Request, you are directed to comply with Civil Rule 26.2 of the Local Rules, and state in writing with respect to each Interrogatory or Document Request, the response to which is claimed to be privileged, the following:

        a.   State in detail the grounds for such claim of privilege or reasons for such objection; and

        b.   Identify each person having knowledge of the factual basis, if any, on which the privilege or other grounds are asserted.

11. If you had any documents called for herein, which have since been lost, discarded, destroyed or otherwise disposed of, you shall so indicate and describe the documents by date; author(s); addressee(s), including persons receiving carbon or blind copies; general subject matter; the date on which the document was lost or destroyed; and, if destroyed, the reason for such destruction and the name of the person or persons requesting the destruction.

12. If only part of the Interrogatory or Document Request is objected to, respond to the remaining portion and indicate the portion to which you are responding.

13. Unless otherwise specified below, the relevant time period for the following Interrogatories and Document Requests is from January 2004 to the date of your responses thereto.

## UNITED STATES' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. State your name, including any alia(s), date of birth (month, day, year), all address(es) where you currently receives mail, all addresses where you have resided in the last five years.

2. Provide a complete copy of all pages of your passport

(both current and expired), without any redactions, and any visas used to enter the United States or any other countries, without redactions.

    3. Do you currently or have you ever held a passport for any other country apart from the Ukraine? If so, state the facts and circumstances and provide complete copies of same.

    4. Identify each person who has knowledge or claims to have knowledge of the facts involved in Third Party Petitioner's acquisition of the Diamond. For each person so identified, describe the substance of the facts known by that person and whether you expect to rely on the testimony of that person in this action.

    5. Identify each person who has knowledge or claims to have knowledge of the facts involved in Third Party Petitioner's alleged transport of the Diamond to the United States. For each person so identified, describe the substance of the facts known by that person and whether you expect to rely on the testimony of that person in this action.

    6. Identify any and all documents which support or tend to support your claim or interest in the Diamond, including any and all documents that show your ownership and/or support your claim to the Diamond.

    7. What do you contend the Diamond is currently worth in U.S. dollars and provide all documents to substantiate this

contention?

8. State with specificity your educational background, your employment history, and your net income for the past five years.

9. List every occasion you have applied for a visa to enter the United States. If you were ever denied a visa state the reason(s) why.

10. List every occasion you have entered the United States from 2003 through the present. If you were ever denied entry into the United States state the reason(s) why. For each entry into the United States, state the following with specificity and provide any supporting documentation: (a) the means by which you entered the United States; (b) which port of entry you entered from; (c) any interim stops made and the length of stay before entering the United States; (d) the carrier used; (e) how much and where you got the money to pay for your trip, including any air line tickets, cost of the visa, expenses while here in the United States; (f) who else you traveled with; (g) the purpose of your visit; (h) how many days you stayed in the United States; (i) where in the United States you traveled to; (j) the name(s) of any persons and address(es) where you stayed in the United States; (k) any and all things valued in excess of $10,000.00 U.S. currency you brought with you into the United States; and (l) whether you declared any such items upon entry into the United States.

11. State, with specificity, how you know each of the following individuals. For each state with specificity and provide any supporting documentation, when and how you first met or communicated with them, under what circumstances you have had any communications with them from 2003 through the present, the last time you were in communication with them, how you have communicated with them, the sum and substance of what you were in communication about, what type of work (i.e., employment, occupation, profession, etc.) they do for a living, and any and all address(es) you have for each of them:

    (a) Nikolai Dozortsev (aka "Nicky");

    (b) Irina Dozortsev (aka "Irena Dozorstev");

    (c) Ricardo Marian Fanchini (aka "Richard Rotmann", "Richard Fanchini," "Riccardo Rotmann," "Riccardo Fanchini," "Riccardo Kozina," "Richard Kozina," "Riccardo Wojiechowska," "Jerzy Bank," "Jeazy Bnak," "Ioannis Skandalis-Themistoklis," "Kozina Ryszaro," "Michael Prokupecz," "Aksamity," "Yura," "Warhol," "Rysikek," "Richard Ryjwirski," "Bank," "the Polack," "the Gypsy," and "Vasja";

    (d) Arthur Dozortsev;

    (e) Ilona Nedelman;

    (f) Zinaida Salavskaya;

    (g) Boris Nayfeld;

    (h) Alexander Bromberg.

12. State with specificity when, how frequently, and the length of time you have visited and/or stayed at 2805 Ocean Parkway, Apt. 10B, Brooklyn, New York. For each occasion, state

who else was living there.

13. State with specificity where, when, how frequently, and the length of time you have visited and/or stayed at any other addresses in New York City or elsewhere while visiting the United States. For each occasion, state who else was living there.

14. Apart from the Diamond, state with specificity, and provide any documentation to substantiate, the value of any other property (in U.S. dollars) you allegedly inherited from your mother upon her death in 2001.

15. State with specificity and provide any documentation to substantiate all property, and the value of all property (in U.S. dollars), your father inherited from your mother upon her death in 2001.

16. State with specificity and provide any documentation to substantiate all property, and the value of all property (in U.S. dollars), your sister inherited from your mother upon her death in 2001.

17. State with specificity when, where and from whom and provide any documentation to substantiate when you first took possession of the Diamond after your mother's death in 2001.

18. Apart from the Diamond, state with specificity when, where and from whom and provide any documentation to substantiate when you first took possession of any property you inherited from your mother after her death in 2001.

19. State with specificity and provide any documentation to substantiate where and how you kept the Diamond from the time you first took possession of it until the time when you allegedly brought the Diamond with you from the Ukraine to the United States. Identify any and all witnesses to support your contention.

20. State with specificity when, how, from whom, and the details of how you first learned about what happened to the Diamond after October 13, 2007. Identify any and all witnesses to support your contention.

21. State with specificity and provide any documentation to substantiate what you did after you learned what happened to the Diamond. Identify any and all witnesses to support your contention.

22. State with specificity and provide any documentation to substantiate all property and the value of each piece of property (in U.S. dollars) anyone else apart from you, your father, and/or your sister inherited from your mother upon her death in 2001.

23. Provide copies of any and all written appraisals and/or valuations of the Diamond that exist before you allegedly inherited the Diamond.

24. Provide copies of any and all written appraisals and/or valuations of the Diamond that exist after you allegedly inherited the Diamond.

25. List every occasion in which you have been, or are now, a party to any civil litigation or action (excluding the present action). Include in your answer the date, county, state, court, and style of each case, and provide the case number, nature of the case, and the outcome thereof, specifying the amount of any monetary settlement or judgment, if applicable.

26. State with specificity and provide any documentation to substantiate how long your mother allegedly had the Diamond before her death in 2001, how she acquired the Diamond, in what form she acquired the Diamond, if, when and what, if anything, she did to modify it in any way before 2001, and what its value was (in U.S. dollars) before you acquired it.
Identify any witnesses to substantiate your contention.

27. State with specificity and provide any documentation to substantiate any and all appraisals, valuations (in U.S. dollars), and/or modifications you or anyone else made to the Diamond once you acquired the Diamond.

28. Do you currently have or in the past five years have you had any outstanding financial debts? If so, state with specificity and provide any documentation regarding the facts and circumstances of how you became indebted to any person or entity, to whom you owe any money, the amount of money you owe (in U.S. dollars), any interest that you were and/or are required to pay, and whether or not you have paid back any such debts, how much

you have paid back.

29. State with specificity where, when, and with whom you last saw the Diamond. Identify any and all witnesses that were present at that time.

30. State with specificity in what condition you last saw the Diamond. Identify any and all witnesses that were present at that time.

31. State with specificity the details of how, when, and from what source(s) you first learned and/or heard about "the American Gemological Institute." [sic] (properly known as the Gemological Institute of America)(hereinafter referred to as the "GIA"). Identify any and all witnesses present at that time and/or documentation to support your contention.

32. State with specificity why, when and with whom, if anyone, you discussed and decided to allegedly get the Diamond certified by the GIA. Identify any and all witnesses present at that time.

33. State with specificity and provide any documentation to substantiate when, where, how, and any and all arrangements you allegedly made to get the Diamond certified by the GIA. Identify any all witnesses present at that time.

34. State with specificity and provide any documentation to substantiate when, where, how and any and all arrangements you allegedly made to get the Diamond returned to you. Identify any

and all witnesses present at that time.

35. Provide all documents identified in your responses to the interrogatories herein, or used, reviewed or relied upon by you and/or your counsel in preparing responses to these interrogatories. Any and all such documentation must be translated into English.

36. Identify each person responding to these interrogatories and specify the interrogatories to which each person is providing a response. Sign the attached declaration and forward with responses. (Signature of counsel is not acceptable).

Dated: Brooklyn, New York
      January 6, 2012

                        LORETTA E. LYNCH
                        United States Attorney
                        Eastern District of New York
                        271 Cadman Plaza East, 7th Fl.
                        Brooklyn, New York 11201

                              /s/
              By:  _____
                        Claire S. Kedeshian
                        Assistant U.S. Attorney
                        (718) 254-6051

TO: Counsel for Third Party Petitioner

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,
                                              DECLARATION
        - against -
                                              Criminal Action No.

                                              07-CR-736 (FB)
NIKOLAI DOZORTSEV, et. al.
- - - - - - - - - - - - - - - X
- - - - - - - - - - - - - - - X

IN RE:

REGINA VADIMOVA LINETSKAYA
(aka "Regina Linetska"),

        Third Party Petitioner
- - - - - - - - - - - - - - -X
```

I, _____, hereby declare, under penalty of perjury, that the foregoing responses to the United States of America's First Set of Interrogatories and Requests for Production are true and accurate to best of my knowledge, information and belief.

        Name:      _____

        Signature: _____

        Address:   _____
                          _____

NOTARY:


_____

If applicable, TRANSLATED BY:


_____